**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV 09-0332-PHX-FJM |
| Plaintiff-Respondent, | ) ) | **ORDER** |
| vs. | ) ) | |
| Samih Fadl Jamal, | ) ) ) | |
| Defendant-Movant | ) ) ) | |

The court has before it movant Samih Fadl Jamal's amended motion to correct, vacate, or set aside criminal convictions pursuant to 28 U.S.C. § 2255 (doc. 9) and supplemental memorandum in support (doc. 11), the United State's response (doc. 17), movant's reply (doc. 24), and a report and recommendation of the United States Magistrate Judge (doc. 25). The court also has before it movant's objections to the report and recommendation (doc. 26), and the United State's response (doc. 27).

Movant was found guilty by a jury of conspiracy to commit interstate transportation and receipt of stolen property (count 1), interstate receipt of stolen property and aiding and abetting (counts 2 and 3), interstate transportation of stolen property and aiding and abetting (count III), false statement (counts 5 and 6), conspiracy to commit money laundering (count 8), structuring financial transactions (counts 9-19), money laundering (count 20), and unauthorized employment of aliens (count 21). (Crim. Doc. # 1103). The court sentenced movant to concurrent sentences, the longest being 120 months, followed by three years

supervised release. Id. Movant's conviction and sentences were affirmed on direct appeal on August 2, 2007. United States v. Daly, 246 Fed. Appx. 302 (9th Cir. 2007), cert. denied, 128 S.Ct. 1291 (Feb. 19, 2008).

On February 18, 2009 movant filed a motion to vacate under 28 U.S.C. § 2255. Movant raises two grounds, alleging violations of his fifth and fourteenth amendment rights to due process and his sixth amendment right to effective assistance of counsel. In ground one, he alleges violation of due process under Brady v. Maryland, 373 U.S. 83 (1963), based on the prosecutor's failure to provide access to all surveillance tapes, which allegedly contained exculpatory evidence. He further contends that trial counsel's failure to review all the tapes himself, and with movant, constitutes ineffective assistance of counsel. In ground two, movant asserts numerous additional allegations of ineffective assistance of counsel based on, for example, trial counsel's failure to obtain complete and accurate translations of recorded conversations; failure to present exculpatory evidence; failure to impeach witnesses; failure to subpoena Swain Grainey; decision to call a witness over movant's alleged contrary direction; failure to object to Exhibit 463; failure to challenge designation of documents as subject to Foreign Intelligence Surveillance Act of 1978 (FISA), 50 U.S.C. § 1801 et. seq.; failure to provide effective assistance of counsel due to time restraints; and failure to preserve identified errors.

The magistrate judge concluded that the motion was timely filed,[1] but that the claims are either precluded or without merit, and thus recommends that movant's motion be denied. The comprehensive report and recommendation carefully evaluated each of movant's claims. We agree with the magistrate judge's findings and therefore only address movant's objections. See 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.2d 1114, 1121 (9th Cir. 2003) (stating that the court must undertake de novo review of those portions of the report and recommendation to which specific objections are made).

---

[1] We agree with the magistrate judge that movant's motion was timely filed within one year following the date the United States Supreme Court denied the petition for writ of cert. See Jamal v. United States, 128 S.Ct. 1291 (2008); 28 U.S.C. § 2244(d)(1).

- 2 -

**Ground One**

In his objections filed in response to the magistrate judge's report and recommendation, movant asserts fourteen objections, many of which are the same arguments he addressed in his initial motion. Movant argues that: (1) counsel failed to properly preserve his Brady objections, (2) FISA automatically violates his Sixth Amendment rights, (3) contrary to the magistrate judge's statement, counsel admitted to only viewing partial FISA material and recorded tapes, (4) the magistrate judge failed to address claim four, and (5) there is evidence indicating that the government never turned over all exculpatory evidence to trial counsel.

First, movant is wrong in asserting that the magistrate judge failed to address claim four. He did in conjunction with claim two. See doc. 24 at 5, n. 2. Second, movant is precluded from raising Brady claims because he raised the issue in his direct appeal and the court expressly rejected it with respect to any evidence other than excised portions of the conversations contained in Exhibit 463. See United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985). Third, we agree with the magistrate judge's conclusion that movant's sixth amendment rights were not violated by trial counsel's inability to discuss FISA materials. See United States v. Isa, 923 F.2d 1300, 1307 (8th Cir. 1991). And fourth, although trial counsel did admit to not being able to review every summary, movant fails to demonstrate ineffective assistance of counsel. To prove ineffective assistance of counsel, movant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" by demonstrating that: (1) counsel's representation was objectively unreasonable; and (2) movant was prejudiced by it. Strickland v. Washington, 466 U.S. 668, 687-89, 104 S.Ct. 2052, 2064-65 (1984). Here, counsel's representation was reasonable because he reviewed the summaries, found nothing exculpatory, and instead focused on calling 16 of his own witnesses and cross-examining the government's witnesses.[2]

---

[2] We note that appellate counsel also reviewed the summaries and found nothing exculpatory.

1  Furthermore, the Ninth Circuit concluded that trial counsel was not hamstrung in his
2  representation and that there was "overwhelming evidence" from which the jury could have
3  concluded movant was guilty. Daly, 243 Fed. Appx. 302 at *2, 4. Despite being party to
4  many of the recorded conversations which were summarized, movant points to no
5  exculpatory evidence, but merely speculates. Movant has not shown prejudice. We uphold
6  the magistrate judge's findings regarding ground one.

**Ground Two**

In ground two, movant focuses exclusively on an ineffective assistance of counsel argument and asserts thirty-four claims with many additional, repetitive sub claims. We agree with the magistrate judge's finding that movant fails to demonstrate ineffective assistance of counsel on any of his claims.

Objections 1 and 2 simply repeat allegations that trial counsel had insufficient time to prepare and was ineffective for relying on summaries of evidence. We already stated that counsel was not ineffective for relying on summaries and that movant is precluded from raising this claim in his § 2255 motion because he already did on direct appeal. As for movant's assertion that trial counsel was ineffective for failing to obtain an independent translator, we find that this assertion is factually false. See Crim. Docs. 1211, 30-54; 1212, 3168-3169.

In his fourth objection, movant argues that counsel should have objected to the government's presentation that movant bonded Al-Hulaisi out of jail to show that immigration, rather than criminality, motivated his actions. A "difference of opinion with respect to trial tactics . . . alone generally does not constitute a denial of effective assistance of counsel." United States v. Mayo, 646 F.2d 369, 375 (9th Cir. 1981). Counsel's performance was not, therefore, ineffective for failing to object on this ground.

In the fifth objection (erroneously labeled four), movant argues that paperwork would have shown that only 5% of his business involved purchases from co-defendants and that the Ninth Circuit's finding of "overwhelming evidence" of guilt proves that counsel was ineffective. In addition, objections six and eight concern movant's claims that trial counsel

1 should have subpoenaed Detective Granieri for a <u>Franks</u> hearing, and that the government
2 committed <u>Brady</u> violations. Each of those claims were raised on direct appeal, decided and
3 therefore, are precluded. <u>Redd</u>, 759 F.2d at 701. Even if certain allegations of prosecutorial
4 misconduct were not raised on appeal, movant has failed to meet his burden to obtain relief
5 because he has not shown that the conduct "so infected the trial with unfairness to make the
6 resulting conviction a denial of due process." <u>Darden v. Wainwright</u>, 477 U.S. 168, 181, 106
7 S.Ct. 2464, 2472 (1986); <u>accord</u> <u>Davis v. Woodford</u>, 384 F.3d 628, 644 (9th Cir. 2004).

8 As to objection seven and movant's claim that counsel called a witness against his
9 wishes, we agree with the magistrate judge's finding that counsel was not ineffective because
10 in his affidavit he avows that he called the witness at movant's request. <u>See</u> doc. 17, ex. 2.
11 Finally, we reject movant's last objection because it is merely generalized and conclusory and
12 points to no specific instance of ineffective assistance of counsel. <u>See</u> <u>James v. Borg</u>, 24
13 F.3d 20, 26 (9th Cir. 1994) (noting that "[c]onclusory allegations which are not supported by
14 a statement of specific facts do not warrant habeas relief").

15 We accept the recommended decision of the Magistrate Judge, pursuant to 28 U.S.C.
16 § 636(b)(1). Accordingly, **IT IS ORDERED DENYING** the amended motion to correct,
17 vacate, or set aside the criminal convictions (doc. 9). **IT IS FURTHER ORDERED**
18 **DENYING** a certificate of appealability because a reasonable jurist could not conclude that
19 petitioner should be allowed to proceed further, and petitioner has not made a substantial
20 showing of the denial of a constitutional right.

21 DATED this 7th day of February, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge